IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: Landry Simmons, Jr. ) Case No. 10-12653
) Chapter 13 Proceedings
Debtor. ) Judge Pat E. Morgenstern-Clarren

**TRUSTEE'S MOTION FOR DETERMINATION OF FINAL CURE**

Now comes Craig Shopneck, the duly appointed and qualified Standing Chapter 13 Trustee ("Trustee) herein, by and through Counsel, and hereby moves this Honorable Court to determine whether or not the Debtor has paid all post-petition as amounts are still due on the obligation owed to PHH Mortgage Corp, (hereafter referred to as "Creditor") and secured by the Debtor's primary residence, pursuant to Bankruptcy Rule 3002.1(h). In support of his motion, the Trustee makes the following representations to the Court:

1. The Debtor filed a voluntary petition under Chapter 13 of Title 11, U.S.C. on March 27, 2010. In the schedules filed with the petition Bank of America was identified as the holder of the mortgage on the Debtor's principal residence.

2. In the plan confirmed by this Court on July 26, 2010 ongoing payments to Bank of America[1] were to be made through the plan on a conduit basis.

3. On November 25, 2014 the Trustee filed with the Court the *Trustee's Notice of Final Cure Payment*, which stated how much the Trustee had paid to cure any post-petition payments on the Creditor's obligation and how much the Trustee had paid to Creditor in total through the plan.

4. On or about December 3, 2014 the Creditor filed a *Response to Trustee's Notice of Final Cure Payment* in which Creditor alleged that the Debtor is not current with his post-petition payments[2].

5. In order to facilitate the Debtor's financial reorganization the Trustee is asking that this Court determine whether or not the Debtor has paid all required pre-petition arrearage and post-petition amounts owed on the Creditor's obligation, as allowed by Bankruptcy Rule 3002.1(h). If the Debtor has paid all pre-petition arrearage and post-petition payments, then such a determination should be made by this Court so that the Debtor may receive the "fresh start" that the bankruptcy process was designed to provide. If the Debtor has not made all pre-petition arrearage and post-petition payments, then it would be in the Debtor's best interest to make that determination now (any pre-petition arrearage and post-petition delinquency could possibly be cured through the plan), rather than after the plan is completed.

---

[1] A Notice of Transfer of Claim was filed July 16, 2013 transferring the Claim from Bank of America to PHH Mortgage Corp.
[2] PHH Mortgage Corp disputes that the mortgage is in fact current. PHH Mortgage Corp agrees all pre-petition arrears have been paid in full. PHH Mortgage Corp disagrees that the post-petition payments are current as currently due for September 2014 through December 2014. However, the September payment cleared October 15, 2014, and October payment cleared November 18, 2014. The November 2014 payment was mailed December 10, 2014 and the December payment will be mailed on January 12, 2015 as is the ordinary course of business.

WHEREFORE your Trustee, being a proper party in interest, hereby moves this Honorable Court to grant his motion and make a determination as to whether or not the Debtor has paid all post-petition amounts due on the obligation owed to Creditor and secured by the Debtor's primary residence, pursuant to Bankruptcy Rule 3002.1(h) for the reasons cited.

Respectfully submitted,

/S/ Philip D. Lamos
PHILIP D. LAMOS (#0066844)
Attorney for Craig Shopneck, Chapter 13 Trustee
200 Public Square, Suite 3860
Cleveland, OH 44114-2321
(216) 621-4268 Phone
(216) 621-4806 Fax
Ch13shopneck@ch13cleve.com

## CERTIFICATE OF SERVICE

I certify that on December 23, 2014, a true and correct copy of Trustee's Motion for Determination of Final Cure was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Melissa L. Resar, Attorney, on behalf of Debtor, at mresar@ohiolegalclinic.com

Edward A. Bailey, Attorney, on behalf of PHH Mortgage Corp, at bknotice@reimerlaw.com

And by regular U.S. mail, postage prepaid, on:

Landry Simmons, Jr., Debtor at 12605 Brooklawn Avenue, Cleveland, OH 44111

PHH Mortgage Corp, Mail Stop SV01, 2001 Bishops Gate Blvd, Mt Laurel, NJ 08054

/S/ Philip D. Lamos
PHILIP D. LAMOS (#0066844)
Attorney for Craig Shopneck, Chapter 13 Trustee
200 Public Square, Suite 3860
Cleveland, OH 44114-2321
(216) 621-4268 Phone
(216) 621-4806 Fax
Ch13shopneck@ch13cleve.com

PL/alh
12/23/14